# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 52
### GRONOWSKI v. LEWANDROWSKI
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4671. Decided Dec. 3, 1923

297. CONTRACTS—A consideration is necessary to make a continuing offer binding— Value of services performed must be proved.

VICKERY, J.

Epitomized Opinion
First Publication of this Opinion

Plaintiff brought an action in the Municipal Court on two causes of action, the first for a commission of $128, claimed by virtue of an exclusive authority to secure for Gronowski a loan of the sum of $3300, the second for $2500 for drawing up contracts and papers. Judgment was given for plaintiff and defendants prosecuted error. Held:

1. The evidence shows that plaintiff did not obtain the loan but his first cause of action was based on his claimed exclusive right for sixty days to obtain it. It also shows that defendants themselves secured the loan within that time. An examination of the so-called contract shows at once that plaintiff gave no consideration for it and therefore it was only a continuing offer which could be withdrawn at any time.

2. There was a misjoinder of parties defendant since Gronowski's wife did not sign the so-called option or contract.

3. Respecting the second cause of action, there was no evidence offered to show what was the reasonable value of the services performed. Judgment on the first cause of action reversed and judgment entered for defendants. Judgment on the second cause of action reversed and remanded.

Attorneys—Hart, Curry, Sklenicka & Murray, for Gronowski; E. S. Day, for Lewandrowski; all of Cleveland.

---

No. 53
### MEYERS v. STATE
Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 2, 1923

333. CRIMINAL LAW—Higher court will not consider affidavit executed after the trial by a witness to the effect that the testimony was given under threat of prosecution.

ROBERTS, J.

Epitomized Opinion
First Publication of this Opinion

Meyers was found guilty by Mahoning Common Pleas of unlawfully possession intoxicating liquor. Error is prosecuted by him on the ground that the judgment was against the decided weight of the evidence. A jug of whiskey was found in the bedroom of the residence of Mary Carnan, who was arrested by a prohibition officer. Mrs. Carnan testified that Meyers took his meals there with her and that he brought the jug of whiskey to her house and had brought intoxicating liquor there on previous occasions.

Meyers denied that the jug or its contents belonged to him. Mrs. Carnan's testimony was attacked upon the theory that she was an accomplice and that Meyers should not be convicted on the uncorroborated testimony of an accomplice. It was admitted that she advised Meyers to plead guilty. In Meyer's brief there was an affidavit by Mrs. Carnan taken after the trial in Common Pleas that she gave her testimony at the trial by reason of threats made by the prohibition officer that if she did not testify to the guilt of Meyers she would be found guilty and fined $1,000. In affirming the judgment, the Court of Appeals held:

The court has no right to consider this affidavit. "It is not part of the record, something which has been taken subsequently and considerable surprise is expressed of the fact that an attorney would offer this affidavit and incorporate it in his brief."

Attorneys—W. E. Lewis and J. V. Starrs, Youngstown, for Meyers; H. H. Hull, Youngstown, for State.